IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| TYRALA HILL | : | CIVIL ACTION |
| | : | |
| v. | : | No. 14-6784 |
| | : | |
| SETH WILLIAMS, et al. | : | |

**<u>ORDER</u>**

AND NOW, this 16th day of April, 2015, upon careful and independent consideration of Petitioner Tyrala Hill's pro se Petition for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241, and after review of the Report and Recommendation of United States Magistrate Judge Elizabeth T. Hey, to which no objections have been filed,[1] it is ORDERED:

1. The Report and Recommendation (Document 13) is APPROVED and ADOPTED[2];

---

[1] Pursuant to Local Civil Rule 72.1 IV(b), a party may object to a magistrate judge's report "within fourteen (14) days after being served with a copy thereof." The Report and Recommendation (R&R) was sent to all parties of record on March 30, 2015. On April 15, 2015, the copy sent to Hill at his Philadelphia Detention Center address—the only address he has provided the Court—was returned by the U.S. Post Office with a notation that Hill was released from prison January 25, 2015. Under the Local Rules, Hill was required to notify the Court of any change in address. *See* Local R. Civ. P. 5.1(b) (requiring pro se parties to "notify the Clerk within fourteen (14) days of any change of address"). Hill failed to inform the Court of his new address, and, as of today's date, no objections have been filed.

[2] In his § 2241 petition, Hill argues his pretrial detention was unjust and violated his speedy trial rights. "[S]ection 2241 authorizes a federal court to issue a writ of habeas corpus to any pretrial detainee who is in custody in violation of the Constitution or laws or treaties of the United States." *Duran v. Thomas*, 393 Fed. App'x 3, 4 (3d Cir. 2010) (citation and internal quotation marks omitted).

Hill filed his habeas petition on November 26, 2014, while in pretrial detention awaiting trial for state charges of aggravated assault, simple assault, robbery, stalking, reckless endangerment, harassment, and other offenses related to an incident of domestic violence. On January 23, 2015, Hill entered a negotiated guilty plea to the charges of stalking and simple assault, and all the other charges were nolle prossed. The state court judge sentenced Hill to two years Domestic Violence Unit probation for the simple assault conviction and to six to twelve months' incarceration with credit for time served, immediate parole, and four years of Domestic Violence Unit probation for the stalking conviction. Crim. Docket 4, *Commonwealth v. Hill*, No. CP-51-CR-0009116-2014 (Pa. Ct. Comm. Pl.). Following sentencing, he was released from imprisonment.

2. The petition for a writ of habeas corpus (Document 1) is DISMISSED as moot;

3. Hill's Motion for Return of Money (Document 5) is DENIED[3];

4. There has been no substantial showing of the denial of a constitutional right warranting the issuance of a certificate of appealability; and

5. The Clerk of the Court shall mark this case CLOSED.

BY THE COURT:

/s/ Juan R. Sánchez
Juan R. Sánchez, J.

---

As Judge Hey explained, because Hill is no longer detained, his petition is moot. *See Bridges v. Lawton*, No. 13-3701, 2014 WL 516460, at *2 (E.D. Pa. Feb. 7, 2014) (holding petitioner's § 2241 petition challenging certain aspects of his pretrial detention was moot because he was no longer in pretrial detention); *Schillinger v. Dist. Att'y of Cnty. of Bucks*, No. 12-6179, 2013 WL 3084566, at *1 (E.D. Pa. June 19, 2013) (dismissing as moot petitioner's § 2241 habeas petition challenging his pretrial detention because petitioner had pleaded guilty to all charges and was awaiting sentencing, and therefore was no longer in pretrial status); *Berete v. Patton*, No. 11-6594, 2012 WL 1277344, at *3 (E.D. Pa. Mar. 20, 2012) (recommending dismissal of § 2241 petition challenging pretrial detention as moot because petitioner had since been tried and convicted), *approved and adopted*, 2012 WL 1252640 (E.D. Pa. Apr. 12, 2012). Accordingly, the Court dismisses Hill's habeas petition as moot.

[3] While his habeas petition was pending, Hill filed a motion for return of money he asserts is being held by the "Philadelphia prison system." As Judge Hey pointed out in the R&R, even assuming the prison system is in possession of Hill's money, this Court has no jurisdiction to address the issue in the context of a federal habeas petition because it does not relate to a claim that he is in custody in violation of his federal rights. His motion is therefore denied.